# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| MARVIN BISHOP MARTIN, SR.  )  | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | 7:09-cv-0009-JFG-JEO |
| ) | |
| JERRY FERRELL, WARDEN; and THE  ) | |
| ATTORNEY GENERAL OF THE  ) | |
| STATE OF ALABAMA,  ) | |
| ) | |
| Respondents.  ) | |

## MEMORANDUM OF OPINION

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation (doc. 19) and the petitioner's Objection thereto (doc. 20) and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. In his Objection, the petitioner reiterates that the Circuit Court of Sumter County, Alabama, has failed to act upon his petition for post-conviction relief, filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. According to the petitioner, that state-court petition has been pending since July or August 2008 with no action taken thereupon. Assuming that is so, there may come a point, indeed, in the not-too-distant future, at which the failure of the state court to act on the Rule 32 petition will relieve the petitioner of having to comply with the exhaustion requirement before proceeding in federal court under § 2254. However, the court agrees with the magistrate judge's report that the petitioner's allegations do not establish that such time has yet arrived, as it appears that our court of appeals has generally refused to deem the exhaustion requirement waived based upon delay or inaction by the state, even if unexplained, until such has

exceeded at least one year. *Compare Slater v. Chatman*, 147 Fed. Appx. 959, 960 (11th Cir. 2005) (per curiam) (fourteen-month delay in appointing counsel for state prisoner to bring direct appeal did not excuse exhaustion requirement where appeal was proceeding); *Reynolds v. Wainwright*, 460 F.2d 1026, 1027-28 (5th Cir. 1972) (passage of ten months without disposition of second motion for vacation of judgment and sentence in state trial court did not excuse exhaustion requirement); *with Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978) (state remedy ineffective and exhaustion excused where state habeas petition has been completely dormant for over one year, and state has offered no reason for delay); *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam) (a fifteen month delay could be unjustifiable and relieve a federal habeas corpus petitioner from the exhaustion requirement); *St. Jules v. Beto*, 462 F.2d 1365, 1366 (5th Cir. 1972) (per curiam) (remanding to district court to make a determination regarding whether a delay of more than seventeen months to consider a state habeas petition was unjustifiable so as to excuse exhaustion requirement); *Dixon v. State of Florida*, 388 F.2d 424, 426 (5th Cir. 1968) (same, with a nineteen-month delay).

Based on the foregoing, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed without prejudice to allow the petitioner to exhaust available state remedies. An appropriate order will be entered.

**DONE and ORDERED 25 June 2009.**

_____
**UNITED STATES DISTRICT JUDGE**
**J. FOY GUIN, JR.**